Argued and submitted September 22, reversed and remanded December 17, 1986

# FARLEY,
*Appellant,*

*v.*

# FARMERS INSURANCE COMPANY OF OREGON,
*Respondent.*

(A8601-00044; CA A39249)

730 P2d 598

Richard A. Weill, Beaverton, argued the cause and filed the briefs for appellant.

Thomas Christ, Portland, argued the cause for respondent. On the brief were Barry F. Shanks, Portland, and Wm. A. Masters, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

Young, J., specially concurring.

## VAN HOOMISSEN, J.

This is an action for a declaratory judgment. Plaintiff sought a declaration that Farmers Insurance Company (Farmers) owed her a duty to provide personal injury protection (PIP) benefits under the insurance contract. She also sought a money judgment as supplementary relief for her unreimbursed medical expenses. There are no issues of fact. The trial court granted Farmer's, and denied plaintiff's, motion for summary judgment as a matter of law. She appeals. The issue is whether underinsured motorist benefits are "collateral benefits" within the contemplation of ORS 743.810(1)(e). The trial court concluded that they are. We reverse.

In October, 1985, plaintiff, a pedestrian, was injured when she was hit by a car driven by Farmers' insured. She incurred more than $10,000 in medical expenses, $5,000 of which was paid under the PIP provisions of her own insurance contract, which provides only the $5,000 statutory minimum PIP coverage. Her contract also includes $300,000 underinsured motorist coverage. Farmers' contract with its insured provides $10,000 in PIP coverage. Farmers refused to pay the unpaid balance of plaintiff's medical expenses remaining after her own PIP coverage was exhausted. This action ensued.

Farmers based its denial on ORS 743.810. That statute provides, in relevant part:

"(1)   The personal injury protection benefits with respect to:

"* * * * *

"(e)   Pedestrians injured by the insured motor vehicle, other than the insured and members of his family residing in the same household, shall be excess over any other *collateral benefits* to which the injured party is entitled, including but not limited to *insurance benefits,* governmental benefits or gratuitous benefits." (Emphasis supplied.)

Farmers contends that plaintiff must first exhaust the potential underinsured motorist claim that she has against her own carrier and that Farmers' obligation to pay PIP benefits only arises if and when her own underinsured motorist coverage proves inadequate. Farmers argues, and the trial court agreed, that underinsured motorist coverage is an "insurance benefit"

included within the statutory term "collateral benefits." Plaintiff argues that the nature of underinsured motorist coverage excludes it as an insurance benefit contemplated by the statute.

Plaintiff's unopposed affidavit states that she cannot pursue her underinsured motorist claim until she is medically stationary, a status that she contends she will not reach before June, 1987, when she will undergo additional surgery to remove a steel rod that is holding her broken leg together. If and when she makes that claim, she will be requesting the full limits of her policy as general damages. The trial court declared that plaintiff's potential underinsured motorist claim against her own carrier was a "collateral benefit" within the contemplation of ORS 743.810(1)(e), which plaintiff must first exhaust before Farmers can be required to extend the $10,000 excess PIP benefit.

In construing a statute, it is our duty to pursue the legislature's intent and, when there are several provisions in the statute, to give effect to all of them insofar as possible. *See* ORS 174.010; ORS 174.020. Under ORS 743.810(1)(e), PIP coverage is excess to any collateral benefits to which an injured party is entitled. The purpose of PIP coverage is to ensure prompt payment of necessary medical expenses without regard to fault. ORS 743.800(4) requires that an insurer pay all PIP benefits "promptly after proof of loss has been submitted to the insurer." Further, ORS 743.800(5) provides that "[t]he potential existence of a cause of action in tort does not relieve an insurer from the duty to pay personal injury protection benefits."

Plaintiff is not presently entitled to any benefits under her underinsured motorist coverage. Unlike PIP coverage, underinsured motorist coverage depends on fault. *See* ORS 743.789(3); ORS 743.792(1)(a); ORS 743.800. Plaintiff is entitled to no more under her underinsured motorist coverage than she would be entitled to in a tort action where fault and comparative fault would determine the measure of recovery. *See* ORS 743.786(1); ORS 743.789(2). She has requested that her carrier pay underinsured motorist benefits now; it has refused.[1] She would have to prevail in arbitration to be

---

[1] The uncontested affidavit of plaintiff's attorney states that, on behalf of plaintiff, he requested that her carrier make advance payments on her outstanding and future medical bills that had not already been reimbursed by PIP coverage and that her carrier had refused to make any advance payments.

entitled to underinsured motorist benefits. ORS 743.792(1)(a). That would delay the determination of whether Farmers owes her PIP benefits in excess of her own underinsured motorist benefits.

Because plaintiff presently has no entitlement to underinsured motorist benefits under her own insurance contract, she has a valid claim against Farmers for PIP benefits. The trial court erred in granting Farmer's motion for summary judgment and in denying plaintiff's motion for summary judgment.

Reversed and remanded with instructions to set aside summary judgment for Farmers and to enter summary judgment for plaintiff.

**YOUNG, J.,** specially concurring.

I agree with the result reached by the majority, but not with its reasons. The issue is whether plaintiff's underinsured motorist benefits are "collateral benefits" within the meaning of ORS 743.810(1)(e). ORS 743.800(5) provides that "[t]he potential existence of a cause of action in tort does not relieve an insurer from the duty to pay personal injury protection benefits." In my view, that section limits the definition of "collateral benefits" in ORS 743.810(1)(e) to benefits to which the injured party is entitled regardless of fault. Because plaintiff's entitlement to underinsured motorist benefits depends on fault, see ORS 743.789; ORS 743.792(1)(a), her underinsured motorist benefits are not "collateral benefits" within the meaning of ORS 743.810(1)(e).